Argued September 21, affirmed November 13, 1928.

HARRIETT E. FAGALDE *v.* HENRY WHIT-COMB ET AL.

(271 Pac. 594.)

For appellant there was a brief and oral arguments by *Mr. Reuben G. Lenske* and *Mr. Leo Levenson.*

For respondents there was a brief and oral argument by *Mr. Albert H. Tanner.*

ROSSMAN, J.—This is a suit to set aside a deed; it is based upon two contentions: first, that the defendant, the plaintiff's son, obtained the conveyance by employing undue influence; second, lack of consideration.

The issues submitted are almost exclusively questions of fact. We have read the testimony with care, and have earnestly applied ourselves to a consideration of the various problems ably presented by counsel for the plaintiff. We deem it unnecessary to set forth an extensive comparison and consideration of the evidence.

■ The charges of undue influence, we believe, are not supported by the evidence. It is true that the plaintiff was not in good health when she executed the deed of conveyance and that she still grieved over the recent death of her husband. But we find that no one took advantage of this condition. The evidence indicates that when she determined to convey this property to the defendant she was capable of exercising an independent and capable judgment, and that she fully understood the effects of her act. It is very clear that the defendant employed no persuasion, influence or inducement to obtain the conveyance. In fact he never spoke to his mother upon that subject; he had not seen her for two weeks or more before she executed the deed, and was unaware of the conveyance until a week after she had signed the deed; at that time she informed him of her act. Although the pleadings charged the defendant with having exerted improper influence, the plaintiff apparently abandoned this contention during the presentation of the evidence, and claimed that a Mr. and Mrs. Thomas and a Mr. and Mrs. Burton were the individuals who improperly induced the plaintiff to make the conveyance. It is worthy of note that there is no evidence that the defendant ever asked these people to intercede in his behalf with his mother. They received no reward, were promised none, and expected none. Mrs. Thomas is related to the plain-

tiff through the latter's first marriage; Mrs. Burton, through the plaintiff's second marriage. All four of these people had been sincere friends of the plaintiff for many years. A few months prior to the conveyance, when one of the plaintiff's limbs was amputated, she went to the home of Mrs. Thomas immediately following the operation, and there the latter nursed her to a return of health. Apparently the Thomases and the Burtons felt that when the plaintiff disposed of this property the defendant was entitled to consideration. It is not unnatural that they should have entertained that belief, because the plaintiff and her late husband had many times expressed themselves to the effect that when they were through with the property the defendant should have it. Particularly the plaintiff contends that Mrs. Thomas was the one who induced her to make the conveyance, and that Mr. Burton threatened to withhold a donation of $50 from the plaintiff if she should refuse to sign the deed. We believe that the evidence warrants the conclusion that the plaintiff invited advice from Mrs. Thomas in regard to a disposition of this property, and that Mrs. Thomas' suggestion was a sincere one. Further, we do not believe that the latter's advice was the inducement of the conveyance; upon the other hand, we believe that the plaintiff had for many years contemplated to ultimately pass on this property to the defendant. It is possible that Mrs. Thomas' suggestion may have caused the plaintiff to dispose of the property by deed in lieu of by will. The deed reserved to the plaintiff a life estate. It may be that the plaintiff had never thought of this method of disposing of the property before. However this may be, Mrs. Thomas' suggestion was made on a Sunday, and the

deed was not prepared and executed until the following Thursday. Mr. M. B. Bump, an attorney practicing his profession at Hillsboro, whom the plaintiff had selected, prepared the deed, read it aloud to her and explained its effect. Thereupon Mr. Burton also read it aloud. After these readings and Mr. Bump's explanation, the plaintiff expressed herself as fully satisfied. A week or ten days later she told the defendant of what she had done. Still later, she moved to the defendant's home and lived there for several weeks. At this time she again expressed satisfaction with her act. We fail to find any evidence which would warrant a conclusion that Mrs. Thomas or Mrs. Burton did anything which could be considered as improper, or the foundation for a cancellation of the deed. The charge that Mr. Burton threatened to withhold from the plaintiff the $50 is not supported by the evidence. Hence our findings upon the charges of undue influence are adverse to the plaintiff.

■ We come now to a determination of the contention that the deed is not supported by an adequate consideration. In our opinion the evidence shows that the defendant contributed $1,000 or more in money and labor to his parents, which the plaintiff regarded as the consideration of the deed when she executed it. The property is worth approximately $2,000. When the defendant received the conveyance the property was encumbered with a mortgage of $250. He later executed a second mortgage in the sum of $400 on account of a physician's bill for services rendered to the plaintiff; this was an obligation which he took upon himself voluntarily. He has also assumed payment of the $250 mortgage, and all taxes assessed against the property. The de-

fendant has always taken the attitude that if the $1,000 should be paid to him, he would reconvey the property. We conclude that the conveyance was based upon an adequate consideration.

In arriving at the foregoing conclusions we feel an additional confidence in the fact that they are in harmony with the findings of the able trial judge who saw and heard the witnesses.

It follows from the foregoing that the decree of the lower court should be affirmed. Costs to neither party.                                    AFFIRMED.

BEAN, J., did not sit in this case.